

**SO ORDERED.**

**SIGNED this 10 day of April, 2008.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| STEVEN D. KLINGERMAN | 07-02455-5-ATS |
| DEBTOR | |
| | |
| STEVEN D. KLINGERMAN | |
| Plaintiff | ADVERSARY PROCEEDING NO. |
| v. | S-08-00017-5-AP |
| EXECUCORP, LLC and BRADLEY E. PARKER | |
| Defendants. | |

ORDER DENYING DEFENDANTS' MOTION TO DISMISS
FOR LACK OF STANDING

The issue before the court is whether the plaintiff, Steven D. Klingerman, has standing to force the dissolution of the defendant limited liability corporation, ExecuCorp, LLC. A hearing took place in Raleigh, North Carolina on April 9, 2008.

Steven D. Klingerman, who filed a petition for relief under chapter 11 of the Bankruptcy Code on October 30, 2007, was a founding member with defendant Bradley E. Parker of the defendant ExecuCorp, LLC. This adversary proceeding was brought by the debtor in part to

judicially dissolve and wind up ExecuCorp. Mr. Parker's amended answer alleges in his Seventh Defense that Mr. Klingerman ceased to be a member of ExecuCorp, LLC upon his filing of a voluntary petition in bankruptcy, and thus he lacks standing to seek an accounting or judicial dissolution. Because of the importance of this issue to the adversary proceeding and to the case, the court held a separate hearing on this single legal issue.[1]

Mr. Parker relies on the ExecuCorp Operating Agreement and the North Carolina Limited Liability Corporation statutes. Section 13.01(d) of the Operating Agreement provides that "[e]xcept as expressly permitted in this Operating Agreement, a Member shall not voluntarily withdraw or take any other voluntary action which directly causes a Withdrawal Event. . . . Except as expressly provided herein, a Withdrawing Member shall become an Economic Interest Owner." The term "Withdrawal Event" is not defined in the Operating Agreement, but North Carolina General Statutes § 57C-3-02 provides that

> A person ceases to be a member of a limited liability company upon the happening of any of the following events of withdrawal:
> \* \* \*
> (3) Unless otherwise provided in the articles of organization or a written operating agreement or with the consent of all other members, the person's
> \* \* \*
>     b. Filing a voluntary petition in bankruptcy[.]

N.C. Gen. Stat. § 57C-3-02(3)(b). Mr. Parker argues that because the Operating Agreement does not negate the statutory provisions for withdrawal, Mr. Klingerman ceased to be a member of ExecuCorp when he filed his petition on October 30, 2007.

---

[1] The court's hearing notice referenced the Seventh, Eighth, and Ninth Defenses, as each of these appeared to raise the issue of standing. To the extent the Eighth and Ninth Defenses raise defenses beyond the limited defense of standing, this order is not intended to address those defenses.

Mr. Klingerman's loss of membership status is significant because the North Carolina statutes provide for judicial dissolution only where a proceeding is brought by the Attorney General, a member, or the limited liability company itself. N.C. Gen. Stat. § 57C-6-02. If Mr. Klingerman is not a member he is unable to force a dissolution. If the analysis stopped with the Operating Agreement and North Carolina law of limited liability corporations, Mr. Klingerman would not have standing to pursue dissolution. But, the analysis does not stop there, and § 541(c) of the Bankruptcy Code must be considered.

>Section 541(c)(1) of the Bankruptcy Code provides
>
>Except as provided in paragraph (2) of this subsection, an interest of the debtor in property becomes property of the estate under subsection (a)(1), (a)(2), or (a)(5) of this section *notwithstanding* any provision in an agreement transfer instrument, or *applicable nonbankruptcy law*–
>    (A) that restricts or conditions transfer of such interest by the debtor; or
>    (B) *that is conditioned* on the insolvency or financial condition of the debtor, *on the commencement of a case under this title*, or on the appointment of or taking possession by a trustee in a case under this title or a custodian before such commencement, and that effects or gives an option to effect a forfeiture, modification, or termination of the debtor's interest in property.

11 U.S.C. § 541(c)(1) (emphasis added). Under very similar facts, the bankruptcy court in In re Ehmann, 319 B.R. 200, 206 (Bankr. D. Ariz. 2005), found that § 541(c)(1) rendered restrictions on transfers of membership interests to be inapplicable, so that the chapter 7 trustee had "all of the rights and powers with respect to [the LLC] that the Debtor held as of the commencement of the case." These rights and powers included the right to dissolution, wind up and liquidation. Ehmann at 206.

The bankruptcy court in In re Garrison-Ashburn, L.C., 253 B.R. 700, 708 (Bankr. E.D. Va. 2000), considered a similar issue. In that case the debtor was a limited liability corporation and a member of the debtor, Chapman, filed his own chapter 11 petition prior to the bankruptcy filing of

3

the LLC. The question was whether Chapman lost his membership by filing for bankruptcy and whether his approval was required to convey property of the LLC. The court in Garrison-Ashburn held that Chapman's approval was not needed.

>The court agrees with the first part of the Garrison-Ashburn court's analysis:
>
>There is no question that the economic rights, that is the membership interest, becomes property of the estate. . . . Section 541 was intentionally broadly drafted. . . . Section 541(a) clearly encompasses all of Chapman's interest in Garrison-Woods, whatever that interest may be, whether economic or non-economic. Section 541(c) makes plain that no restriction on the transfer of any interest of a debtor – whether it arises from the operative documents themselves or from applicable nonbankruptcy law – prevents an interest from becoming property of the estate. Chapman's interest in Garrison-Woods, both his membership interest and his non-economic rights and privileges as a member, became property of the bankruptcy estate. All the rights and privileges Chapman had immediately prior to filing became property of his bankruptcy estate.

Garrison-Woods at 708. However, the court disagrees with the conclusion that debtor/member's bankruptcy estate only had the rights of an assignee. Section 541(c) provides that all of the debtor's interest passes to the estate notwithstanding applicable nonbankruptcy law that effects a modification or termination of the debtor's interest upon the commencement of a bankruptcy case. 11 U.S.C. § 541(c). Converting a debtor's membership interest to that of an assignee by operation of statute is a modification or termination of the interest that is rendered ineffective by § 541(c).

Mr. Klingerman's rights and interest in the LLC, economic and non-economic, became property of the estate upon the filing of his petition. As a member of the LLC, the estate has standing to ask for dissolution of ExecuCorp. Whether or not the debtor will prevail in his request for dissolution is another question that is reserved for another day.

Based on the foregoing, Mr. Klingerman, as debtor in possession, does have standing to pursue dissolution of ExecuCorp, and to the extent that Mr. Parker's Seventh Affirmative Defense is construed as a motion to dismiss for lack of standing, that motion is **DENIED**.

**SO ORDERED.**

**END OF DOCUMENT**